IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NONA FARRAR, <br><br> Plaintiff, <br><br> v. <br><br> AMAZON.COM SERVICES, INC., THOMAS CWALINSKI, LISA ROLF, UNIDENTIFIED AMAZON DOES, AND JEFF BEZOS, <br><br> Defendants. | Case No. 1:21-cv-05000 <br><br> Hon. Charles P. Kocoras <br><br> Magistrate Judge Young B. Kim |

**DEFENDANT AMAZON.COM SERVICES LLC'S
OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

Defendant Amazon.com Services LLC ("Amazon" or "Defendant"), improperly named in the Complaint as Amazon.com Services, Inc., by and through its counsel of record, respectfully requests the Court deny Plaintiff Nona Farrar's ("Plaintiff" or "Farrar") Motion to Remand because Amazon properly removed this action (this "Action") from state court based on federal question jurisdiction.

**I.     INTRODUCTION**

On September 21, 2021, Amazon properly removed this action from the Circuit Court of Cook County, Illinois, to this Court on the basis of original (federal question) and supplemental jurisdiction because the Complaint contains a 42 U.S.C. § 1981 claim and a claim under Illinois state law that arises out of the same nucleus of facts (the "Operative Complaint"). See Dkt. 1. In response, Plaintiff filed a motion to remand this action to state court ("Motion to Remand") and made the following arguments: (1) this Court has placed her on its restricted filing list; and (2) she filed a motion to amend her complaint and drop her federal claim (the "Proposed Amended Complaint," attached to Plaintiff's Motion to Remand, Dkt. 13 (Pages 6/49 to 13/49). See Dkt. 13.

1

Plaintiff's arguments have no bearing on Amazon's right to remove this Action in accordance with the Federal Rules of Civil Procedure. First, individuals on this Court's restricted filing list are prohibited from initiating actions in this Court, not from participating in actions that were removed to this forum by another party. Second, Plaintiff has not received leave to amend the Operative Complaint, nor has she even filed a motion to file her Proposed Amended Complaint in this Court.[1] Therefore, federal question jurisdiction still exists. Even if Plaintiff were to file her Proposed Amended Complaint, this Court would have diversity jurisdiction over her claims because there is complete diversity of citizenship between the parties and the amount of controversy, exclusive of interest and costs, exceeds $75,000.

For these reasons and those discussed more fully below, the Court should deny Plaintiff's Motion to Remand in its entirety.

II.     **RELEVANT BACKGROUND**

Plaintiff initiated this Action on August 17, 2021, in the Circuit Court of Cook County, Illinois. See Dkt. 1-1. In the Operative Complaint, Plaintiff asserts the following claims arising out of her prior employment with Amazon: (1) retaliation in violation of 42 U.S.C. § 1981 and (2) failure to accommodate and participate in the interactive process in violation of the Illinois Human Rights Act. Id. Plaintiff seeks an award of at least $580,000 in damages. See id. at ¶ 114.

On September 21, 2021, Amazon removed the Action from the Circuit Court of Cook County to this Court. See Dkt. 1.[2] Prior to removal, Amazon confirmed with the United States

---

[1] Plaintiff states she has not filed an amended complaint in this Court because "there will be no federal claims in any amended complaint" and because she would need permission to file a motion to amend. See Dkt 15, 2. As explained herein, neither of these arguments preclude federal diversity jurisdiction in this matter.
[2] In the Operative Complaint, Plaintiff also alleges claims against Thomas Cwalinski, Lisa Rolf, Unidentified Amazon Does, and Jeff Bezos ("Individual Defendants"). Upon information and belief, only Amazon has been properly served with the Complaint. The Individual Defendants reserve their right to contest service and do not waive any applicable defenses that may arise from Plaintiff's failure to

2

District Court for the Northern District of Illinois Clerk's Office that it was permitted to remove Plaintiff's Action to this Court even though Plaintiff was on its restricting filing list. Counsel for Amazon served a copy of the Notice of Removal and related filings on Plaintiff via e-mail on September 21, 2021 (and separately via US mail). See Ex. A, Declaration of Sean Caulfield ("Caulfield Decl."), ¶ 2, Ex. A-1. Upon receipt of the Notice of Removal on September 21, 2021, Plaintiff informed counsel for Amazon that she allegedly had filed a motion to amend the Operative Complaint, which enclosed a copy of the Proposed Amended Complaint on September 20, 2021, in the Circuit Court of Cook County where this action was previously pending. See Motion to Remand, Dkt. 13, ¶ 9. Until this post-removal communication from Plaintiff, Amazon had not been served with or received a copy of the Motion to Amend or Proposed Amended Complaint. See id.[3]

On September 30, 2021, Plaintiff filed her Motion to Remand. See Dkt. 13. Plaintiff attached a copy of her Proposed Amended Complaint to the Motion to Remand. Id. (Page 6/49 to 13/39). The Proposed Amended Complaint asserts a failure to accommodate claim against Amazon under the Illinois Human Right Act, and unlike the Operative Complaint, it does not sue the individual defendants or raise a claim under 42 U.S.C. § 1981. See id. In the Proposed Amended Complaint, Plaintiff requests at least $430,000 in damages. See id. ¶ 44.

---

properly serve the Complaint. See Payne v. Cty. of Cook, No. 15-3154, 2016 WL 1086527, at *5 (N.D. Ill. Mar. 21, 2016) ("[n]either the filing of an appearance nor a Motion for Extension of Time to Answer waives the defense of insufficient service of process so long as the defendant raises the defense in the first responsive pleading or in a pre-pleading motion.") (quoting Martin v. United States, No. 13-03130, 2014 WL 3493233, at *3 (C.D. Ill. July 14, 2014))).

[3] In Plaintiff's letter to the Court regarding her Restricted Filer status, Dkt. 14, she appears to suggest that she informed Amazon of her motion to file her Proposed Amended Complaint before Amazon removed this Action. See Dkt. 14, at 1 ("I filed a case in State Court recently and the defendant[s] moved it to federal court even though I'd notified them that I'd filed a Motion with the State Court (before they removed it) to amend the complaint with only state claims."). However, to avoid ambiguity, Amazon was not served with or informed of Plaintiff's motion to file her Proposed Amended Complaint until after it had removed this Action. See Caulfield Decl., ¶ 3; Ex. A-2 (September 21, 2021 Email from Plaintiff to Amazon's Counsel re: "Amazon/Farrar – Removal" (informing Amazon of pending motion to amend for the first time after removal)).

3

### III. ARGUMENT

#### A. Standard for Removal

Removal is proper in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "Claims with original jurisdiction in a district court have either federal question jurisdiction pursuant to 28 U.S.C. § 1331 or diversity jurisdiction pursuant to 28 U.S.C. § 1332." Id.

Courts have federal question jurisdiction over all civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal question jurisdiction exists when "a complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983). Additionally, when a case asserting both federal and state law claims is removed under 28 U.S.C. § 1331, the federal court may exercise supplemental jurisdiction over the state law claims. 28 U.S.C. §1441(c).

For purposes of diversity jurisdiction, federal district courts have "original jurisdiction" over all civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1). A defendant may remove an action to federal court under 28 U.S.C. § 1332 provided no defendant is a citizen of the state in which the action was brought or of the same state in which the plaintiff is a citizen. Id. § 1441(a), (b). A corporation is a citizen of "of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." Id. § 1332(c)(1).

#### B. Plaintiff's Restricted Filer Status Has No Bearing on Her Motion to Remand.

The crux of Plaintiff's Motion to Remand is that her status as a restricted filer in this Court should have prevented Amazon from removing this Action. See Motion to Remand, Dkt. 13, ¶¶

4

4-6. However, this argument has no bearing on Amazon's right to remove this Action to federal court and does not provide any grounds for remand. As a restricted filer, Plaintiff is prohibited from filing actions in this Court, but she is not prohibited from participating in actions, like this Action, that were removed to this forum by parties in accordance with the Federal Rules of Civil Procedure. See In re Matter of Skupniewitz, 73 F.3d 702, 705 (7th Cir. 1996) (reversing remand order because court's earlier sanction against plaintiff that prohibited him from filing actions in federal court "did not purport to, nor could it, abrogate the statutory rights of petitioners, who were not parties to that earlier litigation"); Tidwell v. Siddiqui, No. 20-01064, 2020 WL 7388468, at *2 (S.D. Ill. Dec. 16, 2020) ("Despite [the plaintiff's] filing restrictions, Defendants retain the right to remove the lawsuit from state to federal court."). Thus, Plaintiff's status as a restricted filer is immaterial to her motion to remand.

      **C.    This Court Has Federal Question and Supplemental Jurisdiction Over the Claims in the Operative Complaint.**

Plaintiff does not contest that this Court has jurisdiction over the Operative Complaint. Amazon carried its burden of demonstrating that this Court has jurisdiction over this Action on federal question grounds. Plaintiff merely contends that she filed with the state court a motion for leave to file her Proposed Amended Complaint, which drops her federal claim and the individual defendants, prior to Amazon's removal of this Action. See Motion to Remand, Dkt. 13, ¶¶ 2-3, 7. As Plaintiff acknowledged, she did not inform Amazon of her motion or intention to file her Proposed Amended Complaint, nor was her motion granted prior to Amazon's removal of this Action on September 21, 2021. See id. ¶¶ 9-10. Nevertheless, Plaintiff's request for leave to file the Proposed Amended Complaint has no bearing on the Court's jurisdiction because the Operative Complaint remains the active pleading in this Action. See e.g., Sadorf v. Valdez, No. 04-1573, 2004 WL 1375534, at *1 (N.D. Ill. June 17, 2004) ("A case is removable when the papers disclose that the case is or has become removable, 'not that it may sometime in

5

the future become removable if something happens,' i.e., granting leave to file an amended complaint." (quoting Sullivan v. Conway, 157 F.3d 1092, 1094 (7th Cir. 1998))).

      This Court has jurisdiction over Plaintiff's active pleading – the Operative Complaint. The Operative Complaint includes a federal cause of action under 42 U.S.C. § 1981. See Compl., Dkt. 1-1. As Amazon previously averred in its Notice of Removal, this Court has original subject matter jurisdiction over Plaintiff's 42 U.S.C. § 1981 because "Plaintiff's allegations are predicated on federal law, involved a contested federal issue, and implicate a substantial federal interest, and Plaintiff's claims will necessarily require this Court to interpret, apply, and enforce the federal laws that govern Plaintiff's employment." See Dkt. 1, at 6. With regard to Plaintiff's state law claims, 28 U.S.C. § 1367(a) provides that "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." Here, all of Plaintiff's claims derive from a common nucleus of operative facts – namely, her employment with Amazon, her alleged disability, purported issues relating to her request for an accommodation, and her termination from employment. See, e.g., Lutter v. Rinella Beverage Co., No. 00-8024, 2004 WL 419826, at *15 (N.D. Ill. Feb. 5, 2004) (exercising supplemental jurisdiction because "the plaintiff's state law claims arose out of the same set of facts—those regarding his employment and termination from his employer—as his federal claim"); see also Nutall v. Reserve Marine Terminals, No. 14-4738, 2015 WL 9304350, at *8 (N.D. Ill. Dec. 22, 2015) (state law claims "derive[d] from a common nucleus of facts as his ADA and ADEA claims because they [we]re all based upon the same allegedly discriminatory conduct, by the same Defendant, over the same time period"); Lynam v. Foot First Podiatry Ctrs., P.C., 919 F. Supp. 1141, 1148 (N.D. Ill. 1996) (exercising supplemental jurisdiction because "[t]he

allegations under Counts I and II share the same relevant time period, arise from the same allegedly onerous work environment and involve the same defendants").

Plaintiff does not (and cannot) contest that this Court has jurisdiction over the Operative Complaint, which remains the live pleading in this case because she has not received permission to file her Proposed Amended Complaint (nor has she even attempted to request permission to file her Proposed Amended Complaint in this Court). Accordingly, Plaintiff has no basis to challenge Amazon's removal of this Action to this Court.

### D. Even If This Court Grants Plaintiff's Forthcoming Motion to Amend Her Complaint, This Court Will Have Diversity Jurisdiction.

While Plaintiff contends that this Action should be remanded to state court because of her intention to amend the Operative Complaint, she has not even filed a motion to file the Proposed Amended Complaint in this Court. Even if this Court grants Plaintiff's forthcoming request for leave to file her Proposed Amended Complaint, this Court will retain jurisdiction over this matter under 28 U.S.C. § 1332 because (1) there is complete diversity of citizenship between the parties and (2) the amount of controversy, exclusive of interest and costs, exceeds $75,000.

First, there is complete diversity between the parties in the Proposed Amended Complaint. The Parties to the Proposed Amended Complaint are Plaintiff and Amazon. Here, Plaintiff is a citizen of Illinois. See Dkt. 13, Am. Compl. (Page 6 of 49), ¶ 1 ("Plaintiff Nona Farrar is a Cook Count Resident"). For diversity jurisdiction purposes, Amazon is a citizen of "of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Amazon is a citizen of the state of Washington and Delaware because its principal place of business is in Washington and it is incorporated in Delaware. See Dkt. 9, 3-4; id., Dkt. 9-2 (September 23, 2021

7

Declaration of Danielle A. Maldonado), ¶¶ 2-3, Exs. 1-2; see also Caulfield Decl., ¶ 4, Ex. A-3.[4] Because Amazon is a citizen of Washington and Delaware and Plaintiff is a citizen of Illinois, complete diversity exists between the parties. Second, on the face of the Proposed Amended Complaint, Plaintiff has requested at least $430,000 in damages, which exceeds the $75,000 amount required for diversity jurisdiction. See Dkt. 13, (Page 8/49), ¶ 44. Thus, this Court will retain jurisdiction over the Proposed Amended Complaint.

## IV. CONCLUSION

For the foregoing reasons, Amazon respectfully requests this Court deny Plaintiff's Motion to Remand.

Dated: October 14, 2021

Respectfully submitted,

*/s/ Brandon J. Brigham*
Danielle A. Maldonado
Morgan, Lewis & Bockius LLP
110 N. Wacker Drive, Fifth Floor
Chicago, IL 60606
(312) 324-1741
(312) 324-1001 fax
Danielle.maldonado@morganlewis.com

Brandon J. Brigham (*pro hac vice*)
Sean Caulfield (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market St.
Philadelphia, PA 19103
215.963.5000
Brandon.brigham@morganlewis.com
Sean.caulfield@morganlewis.com

*Attorneys for Defendant Amazon.com Services LLC*

---

[4] The Court may judicially notice the information in these exhibits because it is publicly available from the Delaware Secretary of State and Washington Secretary of State. See SEC v. Lidingo Holdings, LLC, No. C17-1600, 2018 WL 3608407, at *2 (W.D. Wash. July 26, 2018) (taking judicial notice of information that "is contained in the public records maintained by the Secretary of State of the State of Washington, and can be retrieved on the public website for the Secretary of State of the State of Washington Corporations division. https://www.sos.wa.gov/corps/ . . . ."); Scherr v. Marriott Int'l, Inc., 703 F.3d 1069, 1073 (7th Cir. 2013) ("We may take judicial notice of documents that are part of the public record . . . ."); Fed. R. Evid. 201(b)(2) (stating that a "court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned").

## **CERTIFICATE OF SERVICE**

      I certify that on October 14, 2021, the foregoing was served via the Court's ECF system upon the following:

Nona Farrar<br>
P.O. Box 5015<br>
Chicago, Illinois 60680<br>
nonafarrar@hotmail.com

                                                  */s/ Sean Caulfield*
                                                  Sean Caulfield