IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NONA FARRAR, | |
| **Plaintiff,** | |
| v. | Case No. 1:21-cv-05000 |
| AMAZON.COM SERVICES, INC., THOMAS CWALINSKI, LISA ROLF, UNIDENTIFIED AMAZON DOES, AND JEFF BEZOS, | Honorable Charles P. Kocoras |
| **Defendants.** | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant Amazon.com Services LLC ("Amazon"),[1] by and through its undersigned counsel, hereby submits its Memorandum of Law in Support of its Motion to Dismiss Plaintiff's Complaint.

**I.     INTRODUCTION**

Plaintiff Nona Farrar's ("Farrar") sole remaining causes of action in this lawsuit are untimely claims relating to her alleged disability under the Illinois Human Rights Act ("IHRA") against Amazon. See Dkt. 1-1.[2] Farrar worked as a part-time employee for Amazon in one of its Elgin, IL facilities from approximately November 6, 2018, until April 23, 2019. Since Farrar's

---

[1] Amazon is incorrectly named in the Complaint as "Amazon.com Services, Inc."
[2] On October 19, 2021, Farrar filed a motion seeking leave to file her First Amended Complaint in which she confirmed that she has withdrawn her Section 1981 claim, is not suing any individual defendants, and is only pursuing IHRA claims relating to her alleged disability against Amazon. See Dkt. 22. Amazon believes that Farrar was able to amend as a matter of course at that time and, regardless, will not oppose her request to file the First Amended Complaint. See Fed. R. Civ. P. 15(b) (stating that unless a party can amend as a matter of course, "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."). Accordingly, in this Motion, Amazon addresses the only remaining claim from Farrar's Complaint, which is an IHRA claim relating to her alleged disability against Amazon. See Dkt. 1-1; Dkt. 22-1.

termination, she has filed two Charges of Discrimination ("Charges") against Amazon with the Illinois Department of Human Rights ("IDHR") and Equal Employment Opportunity Commission ("EEOC").

On November 6, 2020, the IDHR dismissed Farrar's first Charge (the "2019 Charge"), which asserted, in part, allegations of disability discrimination under the IHRA. However, Farrar failed to file a lawsuit within ninety (90) days thereafter, so any claims relating to the 2019 Charge are subject to dismissal. Then, on January 4, 2021, more than six hundred (600) days after the termination of Farrar's employment with Amazon, she filed a second Charge (the "2021 Charge"), which asserted the same allegations stylized as a failure to accommodate claim under the IHRA. Farrar cannot pursue any claims supported by the 2021 Charge for the following independent reasons: (1) she asserted the same allegations in both the 2019 and 2021 Charges, so the ninety (90) day time limit after the dismissal of the 2019 Charge remains applicable; (2) she did not file this action within ninety (90) days of the dismissal of the 2021 Charge; and (3) she filed the 2021 Charge more than three hundred (300) days after Amazon terminated her employment.

For these reasons and as further described below, Farrar's IHRA claims are untimely, and this case should be dismissed.

## II. STATEMENT OF RELEVANT FACTS[3]

### A. Farrar's Employment Background with Amazon.

Farrar is a former part-time employee of Amazon who previously worked in one of its facilities located in Elgin, IL. (Pl.'s Compl., Dkt. 1-1, ¶¶ 2, 30.) Farrar started working for

---

[3] Amazon denies Farrar's substantive allegations in her Complaint, including that Amazon engaged in any wrongful, discriminatory, or retaliatory conduct. Amazon, however, accepts the allegations in the Complaint as true for the purposes of this motion only.

Amazon on or about November 6, 2018. (Id.) She alleges that she provided a copy of her "Work Restriction" to an employee at Amazon because she had a "permanent lifting restriction" due to a bus accident in 2016. (Id. ¶¶ 3-4.)

Farrar communicated with Amazon's Accommodations team in or about February 2019 regarding medical documentation of her alleged disability. (Id. ¶ 13.) Farrar claims that the Accommodations team requested this documentation because it never received the lifting restriction that she supposedly provided to Amazon at the start of her part-time employment. (Id. ¶ 14.) Farrar made an appointment with a medical provider that was scheduled for several months later, in May of 2019, to obtain the required paperwork. (Id. ¶¶ 15-19.) Farrar claims that, on April 3, 2019, Amazon management stopped allowing her to use "lift assists" during her shift and sent her home to obtain an "updated work restriction and not to return to work until she got it." (Id. ¶¶ 5-7, 20-23.) Farrar further alleges that Amazon denied her request for a leave of absence due to her part-time status and lack of medical documentation to support her alleged disability. (Id. ¶¶ 28-30, 37-38.) Because Farrar did not attend work after April 3, 2019, Amazon terminated her employment in late April 2019. (Id. ¶¶ 37-38, 98.)

Based on these allegations, Farrar brings a claim of "Failure to Accommodate and Failure to in Good Faith participate in the Interactive Process pursuant to the Illinois Human Rights Act." (Id., "Nature of Action" paragraph, ¶ 33.)[4]

### B. Farrar's Time-Barred IDHR Allegations.

On May 28, 2019, Farrar submitted an "Official Complaint" to the IDHR in which she generally alleged that Amazon subjected her to retaliation and harassment. (See Ex. 1.) On November 13, 2019, Farrar dual-filed a Charge of Discrimination, No. 2019CF2937, with the

---

[4] In Farrar's First Amended Complaint, she also brings a claim of "Disability Retaliation" under the IHRA, which is untimely and subject to dismissal for the same reasons. See Dkt. 22-1, at Page 7 of 34

IDHR and EEOC against Amazon and alleged, in part, allegations of discrimination based on "Disability" (alleged hand disorder/lifting restriction) and the termination of her employment (the "2019 Charge"). (See Ex. 2, at 3-5.) Farrar's 2019 Charge alleged that she "was an individual with a disability" and that "[s]imilarly situated non-disabled employees were treated more favorably under similar circumstances." (See id.) Farrar alleged that the purported "discrimination" occurred between "November 5, 2018 – April 3, 2019." (See id.) In particular, like the Complaint in this action, Farrar alleged that Amazon employees (1) sent her home from work so that she could obtain an "updated lifting restriction;" and (2) ultimately "discharge[d]" her from her employment due to her disability. (See id.; see Pl.'s Compl., Dkt. 1-1, at ¶¶ 5-7, 20-23.)

On November 6, 2020, the IDHR dismissed the 2019 Charge based on its finding that there was "NOT substantial evidence to support the allegation(s) of the Charge[s]." (See Ex. 3, at 1.) Farrar had ninety (90) days or until February 4, 2021, to commence a civil action in state court, but she did not do so. (See id.)

On January 4, 2021, Farrar filed another Charge of Discrimination against Amazon with the IDHR and EEOC, No. 2019CF3293 (the "2021 Charge") in which she claimed discrimination based on her alleged "Disability" that occurred between "February 10, 2019 – April 17, 2019," more than three hundred (300) days earlier. (See Ex. 4, at 1.) In the 2021 Charge, Farrar alleged that Amazon failed to accommodate her alleged disability. (See id. at 2-3.) The IDHR investigated the Charge and held a fact-finding conference, but ultimately dismissed the Charge on May 13, 2021, based on its finding that there was "NOT substantial evidence to support the allegation(s) of the Charge." (See Ex. 5, at 1; see also Pl.'s Cmpl. ¶ 1.)

4

Farrar waited to file the 2021 Charge until January 4, 2021, which is more than six hundred and twenty-two (622) days after her April 23, 2019 termination from employment with Amazon. Because Farrar did not bring the 2021 Charge within the three hundred (300) day limit to file a Charge, her claims based on the 2021 Charge are time-barred.

### III. ARGUMENT

#### A. **Legal Standard**

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. Hecker v. Deere & Co., 556 F.3d 575, 580 (7th Cir. 2009). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

The Court also may take notice of Charges of Discrimination filed with administrative agencies and consider them on a motion to dismiss. See, e.g., Duignan v. City of Chicago, 275 F. Supp. 3d 933, 937 n.2 (N.D. Ill. 2017) ("I may take notice of the EEOC charge attached to the motion to dismiss.").

#### B. **Farrar's IHRA Claims Must Be Dismissed Because They Are Time-Barred**

Farrar's sole remaining IHRA claims are time-barred and cannot be pursued in court, so this action is subject to dismissal. See Mayle v. Chicago Park Dist., No. 18-6211, 2019 WL 2773681, at *5 (N.D. Ill. July 2, 2019) ("Failing to comply with the IHRA's exhaustion requirements results in dismissal of an IHRA claim." (citing Garcia v. Vill. of Mt. Prospect, 360 F.3d 630, 640 (7th Cir. 2004))), aff'd, 803 F. App'x 31 (7th Cir. 2020). Farrar's 2019 Charge was dismissed on November 6, 2020, and she did not bring this lawsuit until August 17, 2021, which is well after the expiration of the ninety (90) day time limit. Farrar also cannot use her 2021 Charge to revive the lapsed claims from her 2019 Charge that she failed to timely pursue

5

because both Charges contain the same or reasonably related allegations. And even if she could do so, Farrar also failed to timely pursue her claims based on the 2021 Charge. She did not file the 2021 Charge until January 4, 2021, which is far more than three hundred (300) days after the April 23, 2019 termination of her employment with Amazon, and again missed the ninety (90) day window to file her IHRA claims in court.

Because Farrar's sole remaining IHRA claims are time-barred, this case should be dismissed with prejudice.

        **1.**       **Farrar Cannot Pursue Her IHRA Claims Because She Did Not Bring A Lawsuit Within 90 Days After The Dismissal Of The 2019 Charge.**

Farrar did not timely pursue her claims in court after the dismissal of the 2019 Charge, which warrants dismissal of her claims under the IHRA. A plaintiff has ninety (90) days after the receipt of a right-to-sue letter to file an action with her IHRA claim in court. 775 ILCS 5/7A–102(C)(4). This ninety-day filing requirement operates as a limitations period. See, e.g., Clark v. L. Offs. of Terrence Kennedy Jr., No. 15-11890, 2021 WL 308883, at *8 (N.D. Ill. Jan. 29, 2021) (holding that "any claims supported by Plaintiff's first and second IDHR charges are time-barred" because they were filed in court after the ninety day period), aff'd, 859 F. App'x 738 (7th Cir. 2021); Moultrie v. Penn Aluminum Int'l, LLC, No. 11-500, 2012 WL 3113914, at *2 (S.D. Ill. July 31, 2012) ("[A]n IHRA claim not brought within the ninety day period is properly dismissed as untimely. Thus, plaintiff's IHRA claim against Penn Aluminum must be dismissed."); Ayala v. Advoc. Good Samaritan Hosp., No. 11-4019, 2011 WL 5981005, at *3 (N.D. Ill. Nov. 29, 2011) (dismissing IHRA claims where plaintiffs "failed to either seek a review by the IHRC or file an action in state court within the 90–day IHRA limitations period").

Here, the IDHR dismissed the 2019 Charge on November 6, 2020, and Farrar did not commence this lawsuit until August 17, 2021 – 284 days later. See Pl.'s Notice of Add'l

Documents, Dkt. 18 (Page 7 of 46), ¶ 8 (stating that Farrar filed the complaint "in person on 8/17/21"). Because Farrar did not commence a civil action within ninety (90) days of the dismissal of the 2019 Charge, the claims asserted in the 2019 Charge are time-barred.

### 2. Farrar Cannot Not Revive Her Claims by Asserting the Same Allegations in the 2021 Charge.

Farrar's 2021 Charge did not revive the claims that she asserted in the 2019 Charge. King v. Ford Motor Co., 872 F.3d 833, 839 (7th Cir. 2017) (holding that a plaintiff cannot revive "lapsed claims" by bringing a second charge after failing to file suit within ninety days after the dismissal of the first charge); see also Taylor v. Nw. Mem'l Hosp., No. 19-5849, 2021 WL 698487, at *2 (N.D. Ill. Feb. 23, 2021) ("To allow a plaintiff to re-allege an earlier EEOC charge in a subsequent EEOC charge would render the 90–day time limit for filing lawsuits 'meaningless,' because it would allow the plaintiff to 'evade [the filing requirement] simply by seeking additional Notices of Right to Sue whenever [she] pleased.'" (quoting Vitello v. Liturgy Training Publ'ns, 932 F. Supp. 1093, 1098 (N.D. Ill. 1996))). Courts within the Seventh Circuit hold that where a "second-filed charge" is "reasonably related or similar enough to be within the scope of the first charge," the ninety (90) day deadline remains in force. Id. (quoting Blalock v. Bethesda Lutheran Homes & Servs., Inc., No. 01-9188, 2002 WL 31833693, at *3 (N.D. Ill. Dec. 16, 2002).

Farrar raised the same allegations in the 2019 Charge and 2021 Charge, so the two Charges are more than "reasonably related." In the 2019 Charge, Farrar asserted a claim of discrimination based on her alleged disability, her manager's request that she return to work after she obtains medical documentation for her alleged lifting restriction, and her termination from employment. (See Ex. 2, at 3-5.) Farrar raises the same allegations in her 2021 Charge regarding her alleged disability and termination from employment and characterizes them as a

7

"failure to accommodate" claim. (See Ex. 4, at 2-3.) Farrar did not raise any new material allegations in the 2021 Charge that were not previously included in the 2019 Charge.

Farrar's 2021 Charge does not revive the claims asserted in the 2019 Charge, as they were based on the same allegations and remain subject to the 90-day time limitation that expired on February 4, 2021 – more than six months before Farrar brought this lawsuit. See King, 872 F.3d at 839.

### 3. Even Still, Farrar's Claims Based On The 2021 Charge Are Time-Barred.

As set forth above, Farrar's 2021 Charge did not revive the claims that she failed to timely pursue after the dismissal of the 2019 Charge, which are based on identical allegations. Regardless, Farrar did not bring a lawsuit within 90 days after the dismissal of the 2021 Charge and did not file the 2021 Charge until six hundred and twenty-two (622) days after Amazon terminated her employment. Farrar's claims based on the 2021 Charge are time-barred and subject to dismissal.

#### a. Farrar Did Not Bring a Lawsuit Within 90 Days After the Dismissal of the 2021 Charge.

The IDHR dismissed the 2021 Charge on May 13, 2021, which provided Farrar with ninety (90) days to file a lawsuit after receipt of the dismissal. This Court assumes a plaintiff receives mail five days after it was sent. McClinton El v. Potter, No. 06-5329, 2008 WL 5111182, at *4 (N.D. Ill. Dec. 4, 2008) ("Unless proven otherwise, the receipt date is presumed to be five days from the mailing date.") (quoting Loyd v. Sullivan, 882 F.2d 218, 218 (7th Cir. 1989)). Thus, Farrar's deadline to file the Complaint was, at the latest, August 16, 2021. However, Farrar did not file this action until August 17, 2021. See Pl.'s Notice of Add'l Documents, Dkt. 18 (Page 7 of 46), ¶ 8 (stating that Farrar filed her complaint "in person on

8

8/17/21"). Because Farrar did not file this action within the ninety (90) day time limit, her claims are subject to dismissal. See, e.g., Clark, 2021 WL 308883, at *8.

Farrar may contend that the Court should excuse her failure to file within the limitations period because she was only a day late. The Seventh Circuit Court of Appeals disagrees. Indeed, "[f]oreclosing litigants from bringing their claim because they missed the filing deadline by one day may seem harsh, but courts have to draw lines somewhere." United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir. 2000); see also Fessenden v. Reliance Standard Life Ins. Co., 927 F.3d 998, 1004 (7th Cir. 2019) ("The very point of a deadline is to impose a hard stop."). The Seventh Circuit Court of Appeals further instructs that the "procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." Threadgill v. Moore U.S.A., Inc., 269 F.3d 848, 851 (7th Cir. 2001). Following the Seventh Circuit Court of Appeals's guidance, this Court has dismissed discrimination claims under nearly identical circumstances to those here. See Angiulo v. United States, 867 F. Supp. 2d 990, 1001 (N.D. Ill. 2012) (dismissing discrimination claim and stating "the Seventh Circuit has made clear that where a deadline is simply missed by a day, that does not constitute extraordinary circumstances justifying equitable tolling").

Moreover, that Farrar is proceeding *pro se* plays no role in excusing her failure to comply with the limitations period. See Schmidt v. Wis. Div. of Vocational Rehab., 502 F. App'x. 612, 614 (7th Cir. 2013) ("[A]lthough Schmidt did not have legal representation, mistakes of law (even by plaintiffs proceeding *pro se*) generally do not excuse compliance with deadlines or warrant tolling a statute of limitations."). To the contrary, Farrar's prior extensive experience proceeding *pro se* before this Court should have made her aware that failing to comply with

9

procedural requirements has real and important consequences. When Farrar failed to adhere to this Court's and the Seventh Circuit Court of Appeals's rules previously, she was banned from initiating actions in those forums. See Dkt. 13, ¶ 4. Ultimately, Farrar did not timely file her Complaint. Thus, the Court should dismiss it.

> b. Even If Farrar Had Brought This Lawsuit Within The 90 Day Time Limit, She Did Not File the 2021 Charge Until 622 Days After Her Termination.

Farrar was required to exhaust her administrative remedies by filing a charge within three hundred days after the alleged violation of the IHRA. 775 ILCS 5/7A-102. Here, Farrar filed the 2021 Charge on January 4, 2021. (See Ex. 4.) Therefore, any allegations that occurred before March 10, 2020, are time-barred. See, e.g., Marski, v. Courier Express One Inc., et al., No. 19-4132, 2021 WL 4459512, at *6 (N.D. Ill. Sept. 29, 2021) (dismissing IHRA claims against defendant where no allegations occurred within three hundred days prior to the filing of the plaintiff's charge); Jafri v. Signal Funding LLC, No. 19-645, 2019 WL 4824883, at *2 (N.D. Ill. Oct. 1, 2019) ("This requirement in [sic] contained in the same section of the statute requiring that administrative complaints be filed with the EEOC or the IDHR within 300 days of a violation's occurrence, and that a civil action must be filed within 90 days of the administrative determination. It is uncontroversial that failure to comply with the 300-day and 90-day deadlines requires dismissal.").

Because Farrar's claims arise out of her employment with Amazon, which ended in late April 2019 (See Dkt. 1-1, ¶ 98.), they fall outside the 300-day charging period and must be dismissed. See Mayle, 2019 WL 2773681, at *5 ("Failing to comply with the IHRA's exhaustion requirements results in dismissal of an IHRA claim." (citing Garcia v. Vill. of Mt. Prospect, 360

10

F.3d 630, 640 (7th Cir. 2004))), aff'd, 803 F. App'x 31 (7th Cir. 2020). That provides an alternate basis to dismiss her Complaint.

## IV. CONCLUSION

Based on the foregoing, the Court should dismiss Farrar's Complaint with prejudice as her sole remaining IHRA claims are time-barred.

Dated: October 21, 2021

Respectfully submitted,

*/s/ Brandon J. Brigham*
Danielle A. Maldonado
MORGAN, LEWIS & BOCKIUS LLP
110 N. Wacker Drive, Fifth Floor
Chicago, IL 60606
(312) 324-1741
(312) 324-1001 fax
danielle.maldonado@morganlewis.com

Brandon J. Brigham (*pro hac vice*)
Sean Caulfield (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market St.
Philadelphia, PA 19103
215.963.5000
brandon.brigham@morganlewis.com
sean.caulfield@morganlewis.com

*Attorneys for Defendant Amazon.com Services LLC*

**CERTIFICATE OF SERVICE**

I certify that on October 21, 2021 the foregoing was served via ECF upon the following:

Plaintiff Nona Farrar
P.O. Box 5015
Chicago, Illinois 60680
nonafarrar@hotmail.com

/s/ *Danielle A. Maldonado*
Danielle A. Maldonado